PROVOSTY, J.
Tbe license law (Act No. 171, p. 387, of 1898) imposes a license tax upon “each business of gaslight, electric light, waterworks,” etc. The defendant company carries on the first of said businesses, in the city of New Orleans, and the present snit is to compel it to pay said license for the year 1906. It enjoys by statute the exclusive privilege of “vending gaslights in the city of New Orleans.” It pleads that it is a manufacturer, and as such, exempt from license taxation, under article 229 of the Constitution of 1898, and that heretofore such exemption has been recognized by tbe state *441 and city authorities, who have made no attempt to enforce the payment of said license.
Article 229 of the Constitution of 1898 provides that the General Assembly may levy a license tax, and that:
“All persons, associations of persons and corporations pursuing any trade, profession, business or calling, may be rendered liable to such •.tax, except clerks, laborers, clergymen, school teachers, those engaged in mechanical, agricultural, horticultural, and mining pursuits, and manufacturers other than those of distilled, alcoholic or malt liquors, tobacco, cigars, and cotton seed oil.”
It is conceded that the defendant company is a manufacturer, and that for the last 20 .years, if not longer, it has not been required to pay a license tax. The contention is, how■ever, that this article of the Constitution is to be interpreted, not according to its letter, but according to its spirit, and that, so interpreting it, it does not have reference to ■such a business as defendant’s; that the purpose of the exemption was to encourage the manufacture of articles of commerce, and not of gas, which has to be produced locally; that the Legislatures of 1880 and 1898 placed •said business among the occupations to be taxed, and thereby adopted the interpretation now contended for; and that this legislative interpretation is most authoritative, ■since both of said Legislatures were largely •composed of the same persons who had composed the constitutional conventions of 1879 .and 1898 by which said article was put into the Constitution.
This argument would be very strong, if we were dealing with a less plain and unambiguous text; but, manufacturers being exempt, with the sole exception of those specified, and defendant being admitted to be a manufacturer, and not being among those excepted, there is an end of argument.
In the case of State v. N. O. Ry. & Light Co., 116 La. 144, 40 South. 597, the defendant was not shown to be a manufacturar.
Judgment affirmed.